UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

DONALD LALOR,

                        Plaintiff,                                      **COMPLAINT**

                -against-

HERCULES AUTOMOTIVE INC., SARKIS TAHMISYAN
and DYLAN TAHMISYAN,

                        Defendants.

---------------------------------------------------------------------------X

Plaintiff, DONALD LALOR ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, HERCULES AUTOMOTIVE INC., SARKIS TAHMISYAN and DYLAN TAHMISYAN (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

1.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

5.      At all times relevant, Defendant, HERCULES AUTOMOTIVE INC. (hereinafter "HERCULES AUTOMOTIVE") is and was a domestic business corporation doing business at 945 Long Island Ave., Deer Park, New York 11729

6.      At all relevant times, Defendant, HERCULES AUTOMOTIVE, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, painting equipment, paint, auto body parts, and other tools, equipment and materials.

7.      At all times relevant, Defendant HERCULES AUTOMOTIVE, was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

8.      At all times relevant, Defendant, SARKIS TAHMISYAN, is and/or was a member, officer, and/or owner of HERCULES AUTOMOTIVE, had authority to make payroll and personnel decisions for HERCULES AUTOMOTIVE, was active in the day to day management of HERCULES AUTOMOTIVE, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

9.      At all times relevant, Defendant, DYLAN TAHMISYAN, is and/or was an owner, officer, and/or manager of HERCULES AUTOMOTIVE, had authority to make payroll and personnel decisions for HERCULES AUTOMOTIVE, was active in the day to day management of HERCULES AUTOMOTIVE, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

10.    Plaintiff was employed by Defendants as an auto technician from in or about December 2020 to in or about May 2021.   Plaintiff's primary job duties included repairing automobiles.

11.     Throughout his employment, Plaintiff regularly worked more than 40 hours per workweek.  Plaintiff regularly worked Monday through Saturday, six days per workweek.  Plaintiff began work each workday at 9:00 a.m. Defendants required Plaintiff to continue working until each automobile repair job was completed.  The time that Plaintiff finished work varied from workday to workday.  Plaintiff regularly finished work between 6:30 p.m. and 8:00 pm.

12.    Defendants paid Plaintiff a fixed weekly regardless of the number of hours that Plaintiff worked in any given week.

13.    Defendants failed to pay Plaintiff premium overtime pay at a rate not less than one and one-half times his regular rate of pay for hours that he worked after 40 hours in a single workweek.

14.    Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and NYLL by failing to record the actual number of hours worked by Plaintiff each week.

15.    Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

16.    Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct hourly rates of pay and the amount of regular and overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

17.     Defendants failed to display notices in the workplace regarding federal and state minimum wage and overtime requirements.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES

18.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

19.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for all of hours that he worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

20.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

21.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

22.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

23.     By Defendants' failure to pay Plaintiff proper overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

24.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF NEW YORK LABOR LAW § 195(1)

25.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

26.     Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

27.     Due to Defendants' failure to provide Plaintiff with the notice required by NYLL § 195(1), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of this action.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF NEW YORK LABOR LAW § 195(3)

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

29.     Defendants failed to provide Plaintiff with accurate statements of his wages earned, including the correct amount of regular and overtime hours worked and amount of overtime wages for each pay period as required by NYLL § 195(3).

30.     Due to Defendants' failure to provide Plaintiff with accurate wage statements with his wages as required by NYLL § 195(3), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.       Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

ii.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iii.     Unpaid wages pursuant to the NYLL and Department of Labor Regulations, plus an amount equal to liquidated damages;

iv.      Damages pursuant to New York Labor Law § 198;

v.       Pre- and post-judgment interest as permitted by law;

vi.      All attorneys' fees incurred in prosecuting these claims;

vii.     All costs incurred in prosecuting these claims; and

viii.    Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      June 30, 2021

                          LAW OFFICE OF PETER A. ROMERO PLLC
                          490 Wheeler Road, Suite 250
                          Hauppauge, New York 11788
                          Tel.: (631) 257-5588

                          ***/s/ Peter A. Romero***

By:   _____
                          PETER A. ROMERO, ESQ.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Hercules Transmissions, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.


_Donald Labor_             _6/20/2021_
Client                                   Date